IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ALEXUS JOHNSON,<br>              *Plaintiff,*<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS INC., EQUIFAX INFORMATION SERVICES LLC, TRANSUNION LLC, and I.Q. DATA INTERNATIONAL, INC.<br>              *Defendants.* | CIVIL ACTION: 4:24-cv-456<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, ALEXUS JOHNSON ("Plaintiff"), by and through undersigned attorneys, and alleges and complains of EXPERIAN INFORMATION SOLUTIONS INC. ("Defendant Experian" or "Experian"), EQUIFAX INFORMATION SERVICES LLC ("Defendant Equifax" or "Equifax"), TRANSUNION LLC, ("Defendant TransUnion" or "TransUnion"), and I.Q. DATA INTERNATIONAL, INC. ("Defendant IQ" or "IQ") as follows:

**PREMLIMINARY STATEMENT**

1. Plaintiff brings this action for actual damages, statutory damages, punitive damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act ("FCRA") and 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA").

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and

1

15 U.S.C. §§ 1681p and 1692k.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), being that a substantial part of the events and transactions giving rise to the claims occurred here and the Defendants transact business here.

## PARTIES AND SERVICE

### Plaintiff

4. Plaintiff is a natural person who is a resident of Fort Worth, Tarrant County, Texas.

5. At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a(c) 15 U.S.C. § 1692a(3).

### Defendant Experian

6. Defendant Experian was, at all times relevant to this Complaint, a "consumer reporting agency" as defined under 15 U.S.C. § 1681a(f).

7. Defendant Experian can be served with a copy of this Complaint along with the Summons on its Registered Agent, C T Corporation System at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136 USA.

### Defendant Equifax

8. Defendant Equifax was, at all times relevant to this Complaint, a "consumer reporting agency" as defined under 15 U.S.C. § 1681a(f).

9. Defendant Equifax can be served with a copy of this Complaint along with the Summons on its Registered Agent, Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218 USA.

### Defendant TransUnion

10. Defendant TransUnion was, at all times relevant to this Complaint, a "consumer reporting agency" as defined under 15 U.S.C. § 1681a(f).

11. Defendant TransUnion can be served with a copy of this Complaint along with the Summons on its Registered Agent, The Prentice-Hall Corporation System at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218 USA.

**Defendant IQ**

12. Defendant IQ was, at all times relevant to this Complaint, a "person" as defined under 15 U.S.C. § 1681a(b) and "debt collector" as defined under 15 U.S.C. § 1692a(6).

13. Defendant IQ can be served with a copy of this Complaint along with the Summons on its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, TX, 78701, USA.

## FACTUAL ALLEGATIONS

14. While Plaintiff was a tenant at Firestone at West 7th Apartment Homes ("Firestone"), a homeless individual entered her attic due to the negligence of Firestone. Firestone left both the gate surrounding the complex and the attic's door unlocked, which allowed the homeless individual to enter the complex and the attic above Plaintiff's apartment. Plaintiff documented this incident by filing a police report with Fort Worth Police Department.

15. After Firestone broke its promise to Plaintiff by failing to improve its security, Firestone agreed that Plaintiff could terminate her lease. Plaintiff moved-out of Firestone's apartment on March 18, 2023.

16. Out of retaliation, on May 26, 2023, Defendant IQ reported a collection account, that listed Firestone as the original creditor ("Collection Account"), on Plaintiff's credit reports.

17. Plaintiff's credit report from Defendant Experian read that the Collection Account's original balance was $3,210 and the balance was $3,354.

18. Plaintiff's credit report from Defendant Equifax read that the Collection Account's original amount owed was $3,210 and the current amount was $3,428.

19. Plaintiff's credit report from Defendant TransUnion read that the Collection Account's high balance was $3,210 and the current balance was $3,428.

20. On March 28, 2024, Plaintiff sent, by certified mail, Defendant Experian, Defendant Equifax, and Defendant TransUnion each a letter disputing the Collection Account along with a copy of a move out statement from Firestone, a copy of the Collection Account on her credit report, a copy of her driver's license, and confirmed her current address, date of birth, and last four digits of her social security number.

21. The move out statement from Firestone included inaccurate fees and charges for normal wear and tear and fees and charges that accrued after March 18, 2023. Plaintiff was billed $200.00 for paint and $760.00 for carpet, which both fall under normal wear and tear from normal residential use.

22. Plaintiff was also over billed for numerous expenses on April 1, 2023, and again, for the same expenses, on April 5, 2023. The April 5, 2023 expenses accrued March 2, 2023 to March 18, 2023.

23. On March 30, 2024, Defendant Experian received Plaintiff's dispute.

4

24. On April 8, 2024, Defendant Experian informed Plaintiff that it verified the Collection Account as accurate.

25. On April 2, 2024, Defendant Equifax received Plaintiff's dispute.

26. On April 5, 2024, Defendant Equifax informed Plaintiff that is would not process her dispute despite the information supplied with the dispute letter.

27. On April 3, 2024, Defendant TransUnion received Plaintiff's dispute.

28. On April 10, 2024, Defendant TransUnion informed Plaintiff that it verified the Collection Account as accurate.

29. The willful furnishing and reporting of the inaccurate Collection Account on Plaintiff's credit reports continues to cause her to suffer injury to her FICO scores, ability to obtain credit at market rates and terms, damage to her reputation, mental anguish, humiliation, frustration, and emotional distress.

30. Thus, Defendant Experian, Defendant Equifax, Defendant TransUnion, and Defendant IQ each violated the FCRA, and Defendant IQ also violated the FDCPA.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i(a) Against Defendant Experian**

31. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs in this Complaint as though fully set forth herein.

32. Defendant Experian violated Section § 1681i(a) of the FCRA by refusing to follow the procedure for reinvestigating disputed information, particularly:

>(1) The failure to conduct a reasonable investigation and remove and/or correct the inaccuracy and derogatory credit information after receiving Plaintiff's dispute;
>(4) The failure to review and consider all relevant information submitted

    by Plaintiff; and

    (5) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised you to delete.

33. Defendant Experian violated the FCRA by failing to remove the inaccurate Collection Account from Plaintiff's credit report after receiving Plaintiff's dispute.

34. As a result of Defendant Experian's willful and/or negligent actions and inactions, Plaintiff suffered damages regarding her loss of credit, loss of ability to purchase and benefit from credit, injury to her FICO scores, and mental and emotional distress, anguish, humiliation, and embarrassment.

35. Pursuant to 15 U.S.C. § 1681n, Defendant Experian is liable to Plaintiff for statutory damages, actual damages, punitive damages, reasonable attorney's fees and costs, and such additional relief as the interests of justice require.

36. Pursuant to 15 U.S.C. § 1681o, Defendant Experian is liable to Plaintiff for actual damages, reasonable attorney's fees and costs, and such additional relief as the interests of justice require.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i(a) Against Defendant Equifax

37. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs in this Complaint as though fully set forth herein.

38. Defendant Equifax violated Section § 1681i(a) of the FCRA by refusing to follow the procedure for reinvestigating disputed information, particularly:

    (1) The failure to conduct a reasonable investigation and remove and/or correct the inaccuracy and derogatory credit information after receiving Plaintiff's dispute;

> (4) The failure to review and consider all relevant information submitted by Plaintiff; and
>
> (5) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised you to delete.

39. Defendant Equifax violated the FCRA by failing to remove the inaccurate Collection Account from Plaintiff's credit report after receiving Plaintiff's dispute.

40. As a result of Defendant Equifax's willful and/or negligent actions and inactions, Plaintiff suffered damages regarding her loss of credit, loss of ability to purchase and benefit from credit, injury to her FICO scores, and mental and emotional distress, anguish, humiliation, and embarrassment.

41. Pursuant to 15 U.S.C. § 1681n, Defendant Equifax is liable to Plaintiff for statutory damages, actual damages, punitive damages, reasonable attorney's fees and costs, and such additional relief as the interests of justice require.

42. Pursuant to 15 U.S.C. § 1681o, Defendant Equifax is liable to Plaintiff for actual damages, reasonable attorney's fees and costs, and such additional relief as the interests of justice require.

## THIRD CAUSE OF ACTION
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i(a) Against Defendant TransUnion

43. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs in this Complaint as though fully set forth herein.

44. Defendant TransUnion violated Section § 1681i(a) of the FCRA by refusing to follow the procedure for reinvestigating disputed information, particularly:

> (1) The failure to conduct a reasonable investigation and remove and/or correct the inaccuracy and derogatory credit information after receiving

7

> Plaintiff's dispute;
> (4) The failure to review and consider all relevant information submitted by Plaintiff; and
> (5) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised you to delete.

45. Defendant TransUnion violated the FCRA by failing to remove the inaccurate Collection Account from Plaintiff's credit report after receiving Plaintiff's dispute.

46. As a result of Defendant TransUnion's willful and/or negligent actions and inactions, Plaintiff suffered damages regarding her loss of credit, loss of ability to purchase and benefit from credit, injury to her FICO scores, and mental and emotional distress, anguish, humiliation, and embarrassment.

47. Pursuant to 15 U.S.C. § 1681n, Defendant TransUnion is liable to Plaintiff for statutory damages, actual damages, punitive damages, reasonable attorney's fees and costs, and such additional relief as the interests of justice require.

48. Pursuant to 15 U.S.C. § 1681o, Defendant TransUnion is liable to Plaintiff for actual damages, reasonable attorney's fees and costs, and such additional relief as the interests of justice require.

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681e(b) Against Defendant Experian**

49. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs in this Complaint as though fully set forth herein.

50. Defendant Experian violated Section § 1681e(b) of the FCRA by refusing to follow reasonable procedures to assure the maximum possible accuracy of the information reported concerning Plaintiff.

51. As a result of Defendant Experian's willful and/or negligent actions and inactions, Plaintiff suffered damages regarding her loss of credit, loss of ability to purchase and benefit from credit, injury to her FICO scores, and mental and emotional distress, anguish, humiliation, and embarrassment.

52. Pursuant to 15 U.S.C. § 1681n, Defendant Experian is liable to Plaintiff for statutory damages, actual damages, punitive damages, reasonable attorney's fees and costs, and such additional relief as the interests of justice require.

53. Pursuant to 15 U.S.C. § 1681o, Defendant Experian is liable to Plaintiff for actual damages, reasonable attorney's fees and costs, and such additional relief as the interests of justice require.

### FIFTH CAUSE OF ACTION
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b) Against Defendant Equifax

54. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs in this Complaint as though fully set forth herein.

55. Defendant Equifax violated Section § 1681e(b) of the FCRA by refusing to follow reasonable procedures to assure the maximum possible accuracy of the information reported concerning Plaintiff.

56. As a result of Defendant Equifax's willful and/or negligent actions and inactions, Plaintiff suffered damages regarding her loss of credit, loss of ability to purchase and benefit from credit, injury to her FICO scores, and mental and emotional distress, anguish, humiliation, and embarrassment.

57. Pursuant to 15 U.S.C. § 1681n, Defendant Equifax is liable to Plaintiff for

statutory damages, actual damages, punitive damages, reasonable attorney's fees and costs, and such additional relief as the interests of justice require.

58. Pursuant to 15 U.S.C. § 1681o, Defendant Equifax is liable to Plaintiff for actual damages, reasonable attorney's fees and costs, and such additional relief as the interests of justice require.

## SIXTH CAUSE OF ACTION
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681e(b) Against Defendant TransUnion

59. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs in this Complaint as though fully set forth herein.

60. Defendant TransUnion violated Section § 1681e(b) of the FCRA by refusing to follow reasonable procedures to assure the maximum possible accuracy of the information reported concerning Plaintiff.

61. As a result of Defendant TransUnion's willful and/or negligent actions and inactions, Plaintiff suffered damages regarding her loss of credit, loss of ability to purchase and benefit from credit, injury to her FICO scores, and mental and emotional distress, anguish, humiliation, and embarrassment.

62. Pursuant to 15 U.S.C. § 1681n, Defendant TransUnion is liable to Plaintiff for statutory damages, actual damages, punitive damages, reasonable attorney's fees and costs, and such additional relief as the interests of justice require.

63. Pursuant to 15 U.S.C. § 1681o, Defendant TransUnion is liable to Plaintiff for actual damages, reasonable attorney's fees and costs, and such additional relief as the interests of justice require.

## SEVENTH CAUSE OF ACTION
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681 s-2(b)(1) Against Defendant IQ

64. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs in this Complaint as though fully set forth herein.

65. Defendant IQ violated Section § 1681s-2(b)(1) of the FCRA by refusing to follow the procedures for disputed information, particularly:

> (A) The failure to conduct a reasonable investigation;
> (B) The failure to review all relevant information submitted by Plaintiff to the credit reporting agencies;
> (D) The failure not to report incomplete or inaccurate findings to credit reporting agencies; and
> (E) The failure to modify, delete, or permanently block inaccurate incomplete or unverifiable information disputed by Plaintiff.

66. As a result of Defendant IQ's willful and/or negligent actions and inactions, Plaintiff suffered damages regarding her loss of credit, loss of ability to purchase and benefit from credit, injury to her FICO scores, and mental and emotional distress, anguish, humiliation, and embarrassment.

67. Pursuant to 15 U.S.C. § 1681n, Defendant IQ is liable to Plaintiff for statutory damages, actual damages, punitive damages, reasonable attorney's fees and costs, and such additional relief as the interests of justice require.

68. Pursuant to 15 U.S.C. § 1681o, Defendant IQ is liable to Plaintiff for actual damages, reasonable attorney's fees and costs, and such additional relief as the interests of justice require.

## EIGHTH CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
### 15 U.S.C. §1692e Against Defendant IQ

69. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs in this Complaint as though fully set forth herein.

70. Defendant IQ violated Section § 1692e of the FDCPA, particularly debt collectors are prohibited from:

> (2) The false representation of—
>   (A) the character, amount, or legal status of any debt;
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false; and
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a customer.

71. Defendant IQ violated the FDCPA by attempting to collect an alleged consumer debt from Plaintiff while intentionally misrepresenting the character and amount and deceptively reporting the inaccurate alleged consumer debt to credit reporting agencies.

72. Pursuant to 15 U.S.C. § 1692k, Defendant IQ is liable to Plaintiff for statutory damages, actual damages, reasonable attorney's fees and costs, and such additional relief as the interests of justice require.

**NINTH CAUSE OF ACTION**
**VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT**
**15 U.S.C. §1692f Against Defendant IQ**

73. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs in this Complaint as though fully set forth herein.

74. Defendant IQ violated Section § 1692f of the FDCPA by using unfair or unconscionable means to attempt to collect an alleged debt, particularly:

> (1) The collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

75. Defendant IQ violated the FDCPA by attempting to collect an alleged consumer debt from Plaintiff that was not expressly authorized by an agreement nor permitted by law.

76. Pursuant to 15 U.S.C. § 1692k, Defendant IQ is liable to Plaintiff for statutory damages, actual damages, reasonable attorney's fees and costs, and such additional relief as the interests of justice require.

## DEMAND FOR TRIAL BY JURY

77. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury on all triable issues and counts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against each Defendant separately as follows:

1. Awarding Plaintiff statutory damages up to $1,000 under the FCRA against Defendants;
2. Awarding Plaintiff actual damages under the FCRA in the amount proven at trial against Defendants;
3. Awarding Plaintiff punitive damages under the FCRA in the amount determined by the Judge or Jury against Defendants.
4. Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses under the FCRA against Defendants;
5. Awarding Plaintiff statutory damages up to $1,000 under the FDCPA against Defendant IQ;
6. Awarding Plaintiff actual damages under the FDCPA in the amount proven at trial against Defendant IQ;
7. Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses under the FDCPA against Defendant IQ; and
8. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

DATED: May 18, 2024                         Respectfully Submitted,

*/s/ Shakeria Northcross*
Shakeria Northcross
Texas Bar No. 24116836
NORTHCROSS LEGAL PLLC
539 W. Commerce St. #7226
Dallas, Texas 75208
T: (903) 691-1246
E: assistant@northcrosslegal.com

*s/ Tiffany Hill*
Tiffany Hill, Esq. (OBA# 31332)
3010 LBJ Freeway, Suite 1200
Dallas, TX 75234
(405) 456-9406
thlegalconsulting@gmail.com

**ATTORNEYS FOR PLAINTIFF**