UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALEXUS JOHNSON,<br>　　　*Plaintiff*,<br><br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS INC., EQUIFAX<br>INFORMATION SERVICES LLC,<br>TRANSUNION LLC, and I.Q. DATA<br>INTERNATIONAL, INC.,<br>　　　*Defendants*. | § § § § § § § § § § § § | CIVIL ACTION NO. 4:24-cv-456 |

## DEFENDANT I.Q. DATA INTERNATIONAL, INC.'S
## ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT

Defendant IQ Data International, Inc. ("IQ Data") through undersigned counsel, files this Original Answer to the Complaint filed by Plaintiff Alexus Johnson ("Plaintiff"), and to any subsequent amended or supplemental complaints, and would respectfully show the Court as follows:

### I.
### JURISDICTION

1.　　Paragraph 1 of the Complaint states a legal conclusion to which no response is required. However, IQ Data denies the allegations contained in Paragraph 1 of the Complaint to the extent Plaintiff contends that IQ Data violated the Fair Credit Reporting Act ("FCRA") under 15 U.S.C § 1681 *et seq*. or the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C § 1692 *et seq*.

2.　　IQ Data does not contest the allegation contained in Paragraph 2 of the Complaint with respect to this Court's jurisdiction over this matter.

3. IQ Data does not contest the allegations contained in Paragraph 3 of the Complaint as to venue.

## II.
## PARTIES

4. Based on current information and belief, IQ Data admits that Plaintiff is a resident of this judicial district as stated in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, IQ Data admits that Plaintiff appears to qualify as a consumer under the statutory provisions cited.

6. Paragraph 6 of the Complaint states a legal conclusion directed towards a third party to which no response is required.

7. As the allegations in Paragraph 7 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

8. Paragraph 8 of the Complaint states a legal conclusion directed towards a third party to which no response is required.

9. As the allegations in Paragraph 9 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

10. Paragraph 10 of the Complaint states a legal conclusion directed towards a third party to which no response is required.

11. As the allegations in Paragraph 11 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

12. IQ Data admits to the allegations in Paragraph 12 of the Complaint.

13. IQ Data does not contest the allegations in Paragraph 13 of the Complaint.

## III.
## FACTUAL ALLEGATIONS

14. As the allegations in Paragraph 14 of the Complaint relate to Plaintiff's communications and interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

15. As the allegations in Paragraph 15 of the Complaint relate to Plaintiff's communications and interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

16. IQ Data denies the allegation in Paragraph 16 of the Complaint.

17. As the allegations in Paragraph 17 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

18. As the allegations in Paragraph 18 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

19. As the allegations in Paragraph 19 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

20. As the allegations in Paragraph 20 of the Complaint relate to Plaintiff's communications with third parties, no response is required from IQ Data.

21. As the allegations in Paragraph 21 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, no response is required from IQ Data. To the extent a response is required, denied.

22. IQ Data denies the allegations in Paragraph 22 of the Complaint.

23. As the allegations in Paragraph 23 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

24. As the allegations in Paragraph 24 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

25. As the allegations in Paragraph 25 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

26. As the allegations in Paragraph 26 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

27. As the allegations in Paragraph 27 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

28. As the allegations in Paragraph 28 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

29. IQ Data denies the allegations in Paragraph 29 of the Complaint.

30. IQ Data denies the allegations in Paragraph 30 of the Complaint.

## IV.
## PLAINTIFF'S CAUSES OF ACTION

**CAUSE OF ACTION NO. 1: Experian – FCRA § 1681i(a)**

31.  IQ Data realleges its prior responses to Plaintiff's preceding allegations.

32.  As the allegations in Paragraph 32 of the Complaint a directed towards a third party, no response is required from IQ Data. To the extent a response is required, denied.

33.  As the allegations in Paragraph 33 of the Complaint a directed towards a third party, no response is required from IQ Data. To the extent a response is required, denied.

34.  As the allegations in Paragraph 34 of the Complaint a directed towards a third party, no response is required from IQ Data. To the extent a response is required, denied.

35.  As the allegations in Paragraph 35 of the Complaint a directed towards a third party, no response is required from IQ Data. To the extent a response is required, denied.

36.  As the allegations in Paragraph 36 of the Complaint a directed towards a third party, no response is required from IQ Data. To the extent a response is required, denied.

**CAUSE OF ACTION NO. 2: Equifax – FCRA § 1681i(a)**

37.  IQ Data realleges its prior responses to Plaintiff's preceding allegations.

38.  As the allegations in Paragraph 38 of the Complaint a directed towards a third party, no response is required from IQ Data. To the extent a response is required, denied.

39.  As the allegations in Paragraph 39 of the Complaint a directed towards a third party, no response is required from IQ Data. To the extent a response is required, denied.

40.  As the allegations in Paragraph 40 of the Complaint a directed towards a third party, no response is required from IQ Data. To the extent a response is required, denied.

41.  As the allegations in Paragraph 41 of the Complaint a directed towards a third party, no response is required from IQ Data. To the extent a response is required, denied.

42. As the allegations in Paragraph 42 of the Complaint a directed towards a third party, no response is required from IQ Data. To the extent a response is required, denied.

**CAUSE OF ACTION NO. 3: TransUnion – FCRA § 1681i(a)**

43. IQ Data realleges its prior responses to Plaintiff's preceding allegations.

44. As the allegations in Paragraph 44 of the Complaint a directed towards a third party, no response is required from IQ Data. To the extent a response is required, denied.

45. As the allegations in Paragraph 45 of the Complaint a directed towards a third party, no response is required from IQ Data. To the extent a response is required, denied.

46. As the allegations in Paragraph 46 of the Complaint a directed towards a third party, no response is required from IQ Data. To the extent a response is required, denied.

47. As the allegations in Paragraph 47 of the Complaint a directed towards a third party, no response is required from IQ Data. To the extent a response is required, denied.

48. As the allegations in Paragraph 48 of the Complaint a directed towards a third party, no response is required from IQ Data. To the extent a response is required, denied.

**CAUSE OF ACTION NO. 4: Experian – FCRA § 1681e(b)**

49. IQ Data realleges its prior responses to Plaintiff's preceding allegations.

50. As the allegations in Paragraph 50 of the Complaint a directed towards a third party, no response is required from IQ Data. To the extent a response is required, denied.

51. As the allegations in Paragraph 51 of the Complaint a directed towards a third party, no response is required from IQ Data. To the extent a response is required, denied.

52. As the allegations in Paragraph 52 of the Complaint a directed towards a third party, no response is required from IQ Data. To the extent a response is required, denied.

53. As the allegations in Paragraph 53 of the Complaint a directed towards a third party,

no response is required from IQ Data. To the extent a response is required, denied.

**CAUSE OF ACTION NO. 5: Equifax – FCRA § 1681e(b)**

54. IQ Data realleges its prior responses to Plaintiff's preceding allegations.

55. As the allegations in Paragraph 55 of the Complaint a directed towards a third party, no response is required from IQ Data. To the extent a response is required, denied.

56. As the allegations in Paragraph 56 of the Complaint a directed towards a third party, no response is required from IQ Data. To the extent a response is required, denied.

57. As the allegations in Paragraph 57 of the Complaint a directed towards a third party, no response is required from IQ Data. To the extent a response is required, denied.

58. As the allegations in Paragraph 58 of the Complaint a directed towards a third party, no response is required from IQ Data. To the extent a response is required, denied.

**CAUSE OF ACTION NO. 6: TransUnion – FCRA § 1681e(b)**

59. IQ Data realleges its prior responses to Plaintiff's preceding allegations.

60. As the allegations in Paragraph 60 of the Complaint a directed towards a third party, no response is required from IQ Data. To the extent a response is required, denied.

61. As the allegations in Paragraph 61 of the Complaint a directed towards a third party, no response is required from IQ Data. To the extent a response is required, denied.

62. As the allegations in Paragraph 62 of the Complaint a directed towards a third party, no response is required from IQ Data. To the extent a response is required, denied.

63. As the allegations in Paragraph 63 of the Complaint a directed towards a third party, no response is required from IQ Data. To the extent a response is required, denied.

**CAUSE OF ACTION NO. 7: IQ Data – FCRA § 1681s-2(b)(1)**

64. IQ Data realleges its prior responses to Plaintiff's preceding allegations.

65. IQ Data denies the allegations in Paragraph 65 of the Complaint.

66. IQ Data denies the allegations in Paragraph 66 of the Complaint.

67. IQ Data denies the allegations in Paragraph 67 of the Complaint.

68. IQ Data denies the allegations in Paragraph 68 of the Complaint.

**CAUSE OF ACTION NO. 8: IQ Data – FDCPA § 1692e**

69. IQ Data realleges its prior responses to Plaintiff's preceding allegations.

70. IQ Data denies the allegations in Paragraph 70 of the Complaint.

71. IQ Data denies the allegations in Paragraph 71 of the Complaint.

72. IQ Data denies the allegations in Paragraph 72 of the Complaint.

**CAUSE OF ACTION NO. 9: IQ Data – FDCPA § 1692f**

73. IQ Data realleges its prior responses to Plaintiff's preceding allegations.

74. IQ Data denies the allegations in Paragraph 74 of the Complaint.

75. IQ Data denies the allegations in Paragraph 75 of the Complaint.

76. IQ Data denies the allegations in Paragraph 76 of the Complaint.

## V.
## PLAINTIFF'S JURY TRIAL DEMAND

77. Paragraph 77 of the Complaint requires no response from IQ Data.

## VI.
## PLAINTIFF'S PRAYER FOR RELIEF

IQ Data states that no answer is required to Plaintiff's prayer/demand for relief contained in the Complaint. However, if a response is required, IQ Data denies the allegations in the prayer for relief and the paragraphs contained therein and denies that Plaintiff has any basis for obtaining any relief from IQ Data, as requested in the Complaint or otherwise.

# VII.
# DEFENDANT I.Q. DATA INTERNATIONAL, INC.'S AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff cannot establish any concrete injury related to IQ Data's alleged conduct sufficient to establish Article III standing.

2. Additionally, and/or alternatively, each cause of action contained in Plaintiff's Complaint fails to state facts sufficient to constitute a valid cause of action against IQ Data.

3. Additionally, and/or alternatively, IQ Data asserts that the causes of action alleged in Plaintiff's Complaint are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, limitations, unclean hands, and other equitable doctrines.

4. Additionally, and/or alternatively, Plaintiff's FCRA claims are barred, in whole or in part, by limitations as such claims are limited to alleged acts within two years from any alleged violation.

5. Additionally, and/or alternatively, Plaintiff's FDCPA claims are barred by limitations as such claims are limited to alleged acts within one year from any alleged violation.

6. Additionally, and/or alternatively, IQ Data asserts that it did not engage in any actionable conduct under the FDCPA, the FCRA, or any other statute and clearly did not engage in any conduct that was unconscionable, outrageous, intentional, and malicious or done with reckless disregard with respect to Plaintiff. IQ Data also alleges that it never engaged in any knowing, willful, or fraudulent conduct with respect to Plaintiff.

7. Additionally, and/or alternatively, Plaintiff's damages, if any, are a result of her failure to take reasonable steps to mitigate her alleged damages. Accordingly, Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages, which reasonably could have been avoided.

8. Additionally, and/or alternatively, the Complaint, and each cause of action alleged herein against IQ Data is barred because IQ Data was privileged and justified, by statute and by common law, in making the alleged statements and representations, if any, including but not limited to statutes 15 U.S.C. § 1692k(c).

9. Additionally, and/or alternatively, IQ Data states that it is not liable under FCRA § 1681s-2 because Plaintiff's dispute(s) of the subject debt to the CRAs was a *legal dispute* which is not cognizable against IQ Data under the FCRA.[1]

10. Additionally, and/or alternatively, IQ Data states that it is not liable under FCRA and/or the FDCPA because debt collectors are entitled to rely on the information they receive from creditors.

11. Additionally, and/or alternatively, IQ Data states that it is not liable under FCRA § 1681s-2 to the extent Plaintiff's disputes were frivolous and/or irrelevant because (1) Plaintiff failed to provide sufficient information to investigate the disputed information, or (2) Plaintiff's dispute(s) were substantially the same as a dispute previously submitted by or on behalf of Plaintiff and IQ Data had already performed its duties under FCRA § 1681s-2. *See* FCRA § 1681s-2(a)(8)(F).

12. Additionally, and/or alternatively, assuming arguendo that IQ Data violated any provision of the FDCPA as alleged in the Complaint, which presupposition IQ Data vehemently denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. § 1692k(c).

---

[1] *See e.g., Onosode v. Equifax Info. Services*, No. 420CV00951SDJCAN, 2023 WL 2783263, at *12 (E.D. Tex. Mar. 29, 2023) ("a dispute between a landlord and tenant over the validity of underlying charges is ultimately a legal dispute and not an 'inaccuracy' within the meaning of the FCRA; a furnisher thus has no duty beyond verifying the amount with the landlord").

10

13. Additionally, and/or alternatively, IQ Data asserts that at all relevant times it maintained routine procedures for conducting investigations in compliance with the FCRA and it followed those procedures and thus, cannot be held liable under 15 U.S.C. § 1681s–2.

14. Additionally, and/or alternatively, IQ Data and its agents, if any, always acted reasonably and in good faith material herein, based on all relevant facts and circumstances known by them at the time they so acted. IQ Data also asserts that it acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of legitimate business purpose. Further, IQ Data acted in good faith in the honest belief that the acts, conduct and communications, if any, of IQ Data were justified under the circumstances based on information reasonably available to IQ Data, including reliance on information provided by the creditor. Accordingly, Plaintiff is barred from any recovery in this action.

15. IQ Data would show that Plaintiff's damages, if any, were not caused by IQ Data, but were caused, in whole or in part, by the acts and/or omissions of Plaintiff, third parties, instrumentalities, and/or other factors over whom/which IQ Data had no right of control and for whom/which IQ Data is and was not responsible. To the extent that Plaintiff suffered any damages as a result of such parties or instrumentalities, such conduct was the intervening and superseding cause of any such damages, which conduct breaks the causal chain between IQ Data and the event sued upon.

16. Additionally, and/or alternatively, any damages that Plaintiff may recover against IQ Data in this Action must be offset against any and all amounts owed to IQ Data.

17. Additionally, and/or alternatively, IQ Data substantially complied with the statute(s) at issue.

18. Additionally, and/or alternatively, Plaintiff suffered no damages or injury.

19. To the extent that the basis of Plaintiff's primarily legal claims are proven to be false, IQ Data asserts that it would be entitled to reasonable attorney's fees in relation to the work expended and associated costs. *See* 15 U.S.C. §§ 1681n(c), 1681o(b); *see also* 15 U.S.C. § 1692k(a)(3).

## VIII.
## RESERVATION OF RIGHTS

IQ Data reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, crossclaims, and/or third-party claims, as additional investigation, discovery or circumstances warrant.

## IX.
## DEFENDANT I.Q. DATA INTERNATIONAL, INC.'S PRAYER FOR RELIEF

WHEREFORE, Defendant I.Q. Data International, Inc. prays as follows:

a. That Plaintiff takes nothing by the Complaint;

b. That the Complaint be dismissed with prejudice; and

c. That judgment be entered in favor of IQ Data, and against Plaintiff, on all counts in which claims have been asserted against IQ Data, for its attorney's fees and costs incurred herein, and for such further relief as the court deems just and equitable.

Respectfully submitted,

**SERPE ANDREWS, PLLC**

By: */s/ Lee H. Staley*
    Lee H. Staley
    Attorney-In-Charge
    State Bar No. 24027883
    Federal Bar No. 30072
    lstaley@serpeandrews.com
    Dylan W. Bass
    State Bar No. 241293304
    Federal Bar No. 3821202
    dbass@serpeandrews.com

2929 Allen Parkway, Suite 1600
Houston, Texas 77019
713/452-4400
713/452-4499 fax

**ATTORNEYS FOR DEFENDANT
I.Q. DATA INTERNATIONAL, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of June 2024, a true and correct copy of the above was electronically filed with the court via CM/ECF system and notification of such filing has been sent to the following:

Shakeria Northcross
Texas Bar No. 24116836
assistant@northcrosslegal.com
NORTHCROSS LEGAL PLLC
539 W. Commerce St. #7226
Dallas, Texas 75208
Tel: (903) 691-1246
Tiffany Hill, Esq.
OBA No. 31332
thlegalconsulting@gmail.com
TH LEGAL CONSULTING LLC
3010 LBJ Freeway, Suite 1200
Dallas, TX 75234
Tel: (405) 456-9406
*Attorneys for Plaintiff*

                                */s/ Lee H. Staley*
                                  Lee H. Staley