# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| **ALEXUS JOHNSON,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:24-cv-456-P** |
| | § | |
| **EXPERIAN INFORMATION** | § | |
| **SOLUTIONS INC., EQUIFAX** | § | |
| **INFORMATION SERVICES LLC,** | § | |
| **TRANSUNION LLC, and I.Q. DATA** | § | |
| **INTERNATIONAL, INC.,** | § | |
| *Defendants*. | § | |

# CONFIDENTIALITY AGREEMENT AND
# STIPULATED PROTECTIVE ORDER

The discovery sought by the parties in the above-styled case involves production of documents containing confidential information. Accordingly, the Plaintiff Alexus Johnson ("Plaintiff") and Defendants I.Q. Data International, Inc. ("IQ Data") and Equifax Information Services LLC ("Equifax") (collectively, "Defendants") hereby agree to enter into this Confidentiality Agreement and Stipulated Protective Order to govern the production of documents that contain confidential information and agree to be mutually bound by its terms.

**A.     Definitions**

1. All words or phrases herein are governed by their common usages under the English language unless specifically defined by the Federal Rules of Civil Procedure.

2. "Party" or "parties" means Plaintiff, IQ Data, Equifax, as well as any parent, subsidiary or affiliate corporation of the named parties, their successors-in-interest and predecessors-in-interest, and their employees, agents and representatives.

3. "Person" includes, but is not limited to, any legal or natural person directed to produce documents or information in this litigation.

4. "Confidential information" means information in written, oral, electronic, or other form, whether it be a document, information contained in or derived from a document, information revealed during a deposition, or other revealed information in responding to a discovery request, that:

   a. a party or person believes reveals business, competitive, proprietary, trade secret or other information of a sensitive nature about the party (or of another person which information the person is under a duty to maintain in confidence), including information deemed confidential under applicable federal and state statutes, regulations, rules, and common; and
   b. a party or person designates as "confidential" in accordance with this Confidentiality Agreement.

**B.    Designation of Confidential Information**

5.    *Designation of documents or other tangible materials produced.* Documents and other tangible materials designated by any party to contain confidential information shall constitute notice and shall designate the document as confidential material. All copies, extracts, summaries, notes, and other derivatives of confidential material also shall be deemed confidential material and shall be subject to the provisions of this Confidentiality Agreement.

6.    *Designation of confidential information contained in discovery responses.* Once a party designates information provided in answers/responses to interrogatories, requests for production, or other discovery to be confidential information, the same confidentiality provisions set forth in this Confidentiality Agreement shall apply to such confidential information.

7.    *Designation of depositions.* Depositions or portions thereof upon oral or written questions may be classified as confidential information. A party claiming that a deposition or any portion thereof is confidential information shall give notice of such claim to the other effective parties prior to or during the deposition, or within twenty (20) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be deemed designated as confidential and subject to the provisions of this Confidentiality Agreement.

**C.     Scope of Access to Confidential Information**

8. Except as otherwise expressly provided herein or ordered by the Court, confidential information may be revealed only as follows:

    a. to the court and court staff;
    b. to any mediators, arbitrators, or special masters attempting to assist in resolution of this matter;
    c. to outside counsel for any party hereto, and any consultant and expert retained by any party or outside counsel in the above-styled and numbered litigation, provided that outside counsel and any retained consultants and experts, who are intended recipients of confidential information, first sign and deliver to counsel of record for each other party or parties a letter in the form of Exhibit A, attached hereto, before being permitted access to confidential information; or
    d. to secretaries, legal assistants, paralegals and other staff employed in the offices of such outside counsel who are working on this litigation.

**D.     Use of Confidential Information**

9. *Use in this Litigation Only.* Confidential information may be used only for purposes of the above-styled and numbered litigation. Each person to whom the disclosure of any confidential information is made shall not directly or indirectly use, disclose or disseminate, or attempt to use, disclose or disseminate any of the confidential information except as provided expressly herein.

10. *Return/Destruction After Litigation.* Within thirty (30) days of the final termination of this litigation by judgment, settlement or otherwise, or sooner if so ordered by the court, counsel for each party shall destroy, or return to counsel for the party who furnished the confidential information, all items constituting, containing or reflecting the other party's confidential information, which includes any confidential information or copies of same provided to any retained consultant or expert. Alternatively, as to work product that reflects or refers to confidential information, including, but not limited to, work product of outside counsel, counsel of the parties, outside counsel, and retained consultant(s) or expert(s) are prohibited by this Confidentiality

Agreement from directly or indirectly using, disclosing or disseminating, or attempting to use, disclose or disseminate, any of the confidential information except for purposes of this litigation. Work product containing confidentiality shall be either destroyed after this litigation or secured and protected within the parties' or parties' counsel's file.

**E.    Other Provisions**

11.    *Filing under seal*. Each document filed with the court that contains any confidential information shall be filed in a sealed envelope or other appropriate sealed container, which shall set forth the title and number of this cause, a general description or title of the contents of the envelope, and a statement that the contents are confidential and subject to this Confidentiality Agreement and that the envelope is not to be opened nor the contents thereof revealed except to counsel of record in this litigation or court personnel, or pursuant to an order of the court. Copies of such documents served on counsel for other parties shall be marked as confidential as well. Additionally, if the party who furnished the confidential information files a document with the court that references or contains any portion of that party's confidential information, such filing shall not, and does not, constitute a waiver of the application of this Confidentiality Agreement to such confidential information.

12.    *Not an admission.* Nothing in this Confidentiality Agreement shall constitute an admission by the party, or shall be used as evidence, that information designated as confidential is actually confidential information. Further, the production of this document does not waive the producing party's right to raise objections at the time of trial or otherwise. Also, nothing contained in this Confidentiality Agreement shall preclude the parties or a person from raising any available objection or seeking any available protection with respect to the document produced.

13.    *Amendments.* This Confidentiality Agreement may be amended to add additional parties who have not yet appeared and/or named in this lawsuit.

14. *Effective Date.* This Confidentiality Agreement shall serve as a stipulation and agreement between the parties and shall be effective immediately upon signature by counsel for all parties.

**AGREED:**

*/s/ Shakeria Northcross (w/ permission)*          Date: July 12, 2024
Shakeria Northcross
Texas Bar No. 24116836
assistant@northcrosslegal.com
NORTHCROSS LEGAL PLLC
539 W. Commerce St. #7226
Dallas, Texas 75208
(903) 691-1246
Tiffany Hill, Esq. (OBA# 31332)
thlegalconsulting@gmail.com
3010 LBJ Freeway, Suite 1200
Dallas, TX 75234
(405) 456-9406
***Attorneys for Plaintiff Alexus Johnson***

*/s/ Dylan W. Bass*          Date: July 12, 2024
Lee H. Staley
State Bar No. 24027883
Federal Bar No. 30072
lstaley@serpeandrews.com
Dylan W. Bass
State Bar No. 241293304
Federal Bar No. 3821202
dbass@serpeandrews.com
SERPE ANDREWS, PLLC
2929 Allen Parkway, Suite 1600
Houston, Texas 77019
Tel: (713) 452-4400
Fax: (713) 452-4499
Jamie E. Modelo
State Bar No. 24128884
jmodelo@macdonalddevin.com
MACDONALD DEVIN MADDEN KENEFICK HARRIS, P.C.
12770 Coit Road, Suite 1100
Dallas, Texas 75251
***Attorneys for Defendant I.Q. Data International, Inc.***

*/s/ Forrest M. Segar III (w/ permission)*        Date: July 15, 2024
Forrest M. "Teo" Segar III
Texas Bar No. 24070587
TSeger@clarkhill.com
CLARK HILL PLC
2301 Broadway St.
San Antonio, Texas 78215
(210) 250-6000
(210) 250-6100 (Fax)
Emma C. Jenevein
Texas Bar No. 24136916
ejenevein@clarkhill.com
CLARK HILL PLC
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Fax)
***Attorneys for Defendant Equifax Information Services LLC***

      **SO ORDERED** on this ____ day of _____, 2024.

                _____
                Mark T. Pittman
                UNITED STATES DISTRICT JUDGE

# EXHIBIT A

### CERTIFICATION

I, _____, certify my understanding that Confidential Information (or information contained therein) is being provided to me pursuant to the terms and restrictions of the **CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER** entered in *Alexus Johnson v. Experian Information Solutions Inc., Equifax Information Services LLC, TransUnion LLC, and I.Q. Data International, Inc.*; Civil Action No. 4:24-cv-456-P; in the United States District Court for the Northern District of Texas – Fort Worth Division, and that I have been given a copy of and have read the Confidentiality Agreement and Stipulated Protective Order and agree to be bound by it. I understand that all such Confidential Information (or information contained therein) and copies thereof, including, without limitation, any notes or other transcriptions made therefrom, shall be maintained in a secure manner and shall be destroyed or returned no later than thirty (30) days after the termination of this action to the counsel for the party or other person who provided such Confidential Information or the information contained therein.

Name:_____

Signature:_____    Date:_____