# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| ALEXUS JOHNSON,<br>    *Plaintiff,*<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC and I.Q. DATA INTERNATIONAL, INC.<br>    *Defendants.* | CIVIL ACTION: 4:24-cv-456 |

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

ALEXUS JOHNSON ("Plaintiff") files this Motion to Compel Discovery Responses to compel I.Q. DATA INTERNATIONAL, INC. ("Defendant IQ" or "IQ") to adequately respond and produce responsive documents to Plaintiff's First Interrogatories and First Request for Production served on August 27, 2024.

### I.  BACKGROUND

Plaintiff filed her Complaint on May 17, 2024 asserting claims against TRANSUNION LLC ("TransUnion"), EXPERIAN INFORMATION SOLUTIONS INC. ("Experian"), EQUIFAX INFORMATION SERVICES LLC ("Defendant Equifax" or "Equifax"), and I.Q. DATA INTERNATIONAL, INC. ("Defendant IQ" or "IQ") (Docket 1). Plaintiff's claims against Experian and TransUnion were dismissed with prejudice (Docket 33 and 34).

Plaintiff filed her First Amended Complaint on October 23, 2024 asserting the same claims against Defendant IQ, violations of 15 U.S.C. § 1681 et seq., the Fair Credit Reporting Act ("FCRA") and 15 U.S.C. § 1692 et seq., the Fair Debt Collection

Practices Act ("FDCPA"), and Defendant Equifax, violations of the FCRA. Upon Defendant IQ's request, the Parties entered the Confidentiality Agreement and Stipulated Protective Order (Docket 31) filed with the court by Defendant IQ on July 15, 2024.

On August 1, 2024, Defendant IQ served its First Set of Interrogatories, Requests for Admission, and Requests for Production on Plaintiff. On August 30, 2024, Plaintiff served her responses and responsive documents to Defendant IQ's First Set of Interrogatories, Requests for Admission, and Requests for Production on Defendant IQ.

On August 27, 2024, Plaintiff served her First Set of Interrogatories, Requests for Admission, and Requests for Production on Defendant IQ. On September 26, 2024, Defendant IQ served its boilerplate objections, deficient responses, and deficient responsive documents to Plaintiff's First Set of Interrogatories and Requests for Production on Plaintiff.

On September 27, 20234, Plaintiff sent Defendant IQ a letter requesting that Defendant IQ rectify its deficient responses and responsive documents. See **Exhibit A**. On October 4, 2024, Plaintiff's counsel and Defendant IQ's counsel discussed Defendant IQ's deficient responses and responsive documents over the phone. Plaintiff's counsel and Defendant IQ's counsel agreed that Defendant IQ would supplement its deficient responses and responsive documents by October 18, 2024. Defendant IQ did not supplement its deficient responses and responsive documents by October 18, 2024. On October 28, 2024, Plaintiff's counsel emailed Defendant IQ's

counsel requesting Defendant IQ's supplemental responses and responsive documents. Defendant IQ's counsel did not respond to the email, and Defendant IQ has not served its supplemental responses and responsive documents on Plaintiff.

## II. ARGUMENT

Rule 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A discovery request is relevant when the request seeks admissible evidence or is reasonably calculated to lead to the discovery of admissible evidence. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). Plaintiff's First Set of Interrogatories and Requests for Production, listed in Plaintiff's deficiency letter to Defendant IQ, seeks to obtain discovery regarding nonprivileged matters that are relevant to Plaintiff's FCRA and FDCPA claims and proportional to the needs of this matter. Defendant IQ's systems, policies, trainings, and processes related to its efforts to collect the alleged debt in this matter are admissible and/or lead to admissible evidence.

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). Defendant IQ has not shown how each of Plaintiff's discovery requests are not relevant or objectionable. Instead, Defendant IQ relied on boilerplate objections and deficient responses. See **Exhibit A**.

A party seeking discovery may file a motion to compel after conferring in good

faith to secure that discovery without court action. Fed. R. Civ. P. 37(a). Plaintiff has made numerous good faith efforts to resolve Defendant IQ's deficient discovery responses without involving the Court. Plaintiff sent Defendant IQ a good faith deficiency letter explaining why Defendant IQ's responses are deficient. See **Exhibit A**. During a phone call, Plaintiff's counsel conferred in good faith with Defendant IQ's counsel and explained why Defendant IQ's responses are deficient. Plaintiff's counsel and Defendant IQ's counsel agreed that Defendant IQ would supplement its responses by October 18, 2024. Plaintiff's counsel, in good faith, waited an additional ten days and again on October 28, 2024, requested that Defendant IQ supplement its deficient responses. Defendant IQ's counsel did not respond to Plaintiff's counsel's email.

If the motion to compel is filed and granted, the Court must order the resisting party to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees. Fed. R. Civ. P. 37(a)(5). Plaintiff has conferred with Defendant IQ in good faith and has made additional good faith efforts to resolve this issue without involving the Court, but Plaintiff's efforts were not successful. Thus, Plaintiff should be awarded reasonable expenses and attorneys' fees incurred in making this motion.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel Discovery Responses should be granted, and the Court should overrule the objections asserted to Plaintiff's discovery requests, in Exhibit A, and compel adequate responses and production of

responsive documents from Defendant IQ.


DATED: November 4, 2024                    Respectfully Submitted,


                                                             ***/s/ Shakeria Northcross***
Shakeria Northcross
Texas Bar No. 24116836
NORTHCROSS LEGAL PLLC
539 W. Commerce St. #7226
Dallas, Texas 75208
T: (903) 691-1246
E: assistant@northcrosslegal.com

***ATTORNEY FOR PLAINTIFF***

## **CERTIFICATE OF CONFERENCE**

The undersigned certifies that she conferred with Defendant IQ's counsel regarding Defendant IQ's boilerplate objections, deficient responses, and deficient responsive documents to Plaintiff's First Set of Interrogatories and Requests for Production. On September 27, 2024, Plaintiff's counsel sent Defendant IQ's counsel a letter. On October 4, 2024, Plaintiff's counsel conferred, by phone, in good faith with Defendant IQ's counsel. On October 28, 2024, Plaintiff's counsel emailed Defendant IQ's counsel. Defendant IQ's counsel has not responded.

*/s/ Shakeria Northcross*
Shakeria Northcross

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing documents was served by electronic mail upon all parties and counsel, in accordance with the Federal Rules of Civil Procedure on November 4, 2024.

*/s/ Shakeria Northcross*
Shakeria Northcross