# EXHIBIT A

**NORTHCROSS LEGAL**

September 27, 2024

**VIA EMAIL** (LStaley@serpeandrews.com, dbass@serpeandrews.com, jmodelo@macdonalddevin.com)
SERPE ANDREWS, PLLC
Lee H. Staley and Dylan W. Bass
2929 Allen Parkway, Suite 1600
Houston, Texas 77019

MACDONALD DEVIN MADDEN KENEFICK HARRIS, P.C.
Jamie E. Modelo
12770 Coit Road, Suite 1100
Dallas, Texas 75251

      RE:   *Alexus Johnson v. I.Q. Data International, Inc. et al* in the Northern District of Texas Fort Worth Division, Civil Action No. 4:24-cv-456-P

Dear Counsel,

Our law firm received I.Q. Data International, Inc.'s ("IQ Data") responses to the requests for discovery from our client, Alexus Johnson ("Plaintiff").

After reviewing IQ Data's responses, we noticed several deficiencies that we would like to resolve without involving the court. We request that IQ Data supplement its responses to the discovery mentioned below.

FIRST INTERROGATORIES:

    **INTERROGATORY 4:** Describe in detail any systems you maintained in connection with your collection of the alleged debt, and your policies for operating each system.

    **IQ DATA'S RESPONSE: IQ Data objects to this Interrogatory as overbroad and on the basis that its lack of temporal specificity renders it impermissibly vague. IQ Data further objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, nor is this Interrogatory proportional to the needs of the case. IQ Data also objects to this Interrogatory to the extent it seeks information that is confidential and/or proprietary, or otherwise constitutes a trade secret.**

    IQ Data's response to Interrogatory 4 is deficient because Plaintiff's request is not overly broad nor vague since the request is limited to information related to the

systems used, by IQ Data, to store information solely related to the alleged debt. Plaintiff's request is also relevant and reasonably calculated to lead to the discovery of admissible evidence. Moreover, upon IQ Data's request, Plaintiff, along with IQ Data and Equifax Information Services LLC ("Equifax"), entered the Confidentiality Agreement and Stipulated Protective Order (Docket #31) filed by IQ Data on July 15, 2024 with the court. Thus, IQ Data failed to make an evidentiary showing and failed to offer any specifics about the alleged vagueness and violation of confidentiality, therefore Defendants' objection is conclusory.

> **INTERROGATORY 6:** Describe in detail any systems you maintained in connection with your collection of the alleged debt, and your policies for operating each system.
>
> **IQ DATA'S RESPONSE: IQ Data objects to this Interrogatory as overbroad and on the basis that its lack of temporal specificity renders it impermissibly vague. IQ Data further objects to this Interrogatory as it is not limited in time or scope and therefore is also outside of the scope of discovery stated in FRCP 26(b) because Plaintiff's claims are statutorily limited to alleged acts within one year from any alleged Fair Debt Collection Practices Act violation and two years from any alleged Fair Credit Reporting Act violation. Subject to and without waiving said objections, non-privileged, responsive documents are produced pursuant to Rule 33(d)(1).**

IQ Data's response to Interrogatory 6 is deficient because Plaintiff's request is not overly broad nor vague since the request is limited to the timeframe of March 18, 2023 through March 16, 2024, the only potential timeframe, which is within 12 months. Plaintiff's request is also relevant and reasonably calculated to lead to the discovery of admissible evidence. Thus, IQ Data failed to make an evidentiary showing and failed to offer any specifics about the alleged vagueness, therefore Defendants' objection is conclusory. Moreover, Rule 33(d)(1) states "the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]" IQ Data failed to specify the records in sufficient detail so that Plaintiff can locate and identify them.

> **INTERROGATORY 7:** Explain in detail your training processes and instructions for your employees and/or contractors who assisted with any collection attempts of the alleged debt, including whether written or verbal trainings and instructions and the length of time and frequency of such trainings and instructions.
>
> **IQ DATA'S RESPONSE: IQ Data objects to this Interrogatory as overbroad and on the basis that its lack of temporal specificity**

2

**renders it impermissibly vague. IQ Data further objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, nor is this Interrogatory proportional to the needs of the case. IQ Data also objects to this Interrogatory to the extent it seeks information that is confidential and/or proprietary, or otherwise constitutes a trade secret.**

IQ Data's response to Interrogatory 7 is deficient because Plaintiff's request is not overly broad nor vague since the request is limited to information related IQ Data's training processes and instructions for its employees and/or contractors solely related to the alleged debt. Plaintiff's request is also relevant and reasonably calculated to lead to the discovery of admissible evidence. Moreover, upon IQ Data's request, Plaintiff, along with IQ Data and Equifax Information Services LLC ("Equifax"), entered the Confidentiality Agreement and Stipulated Protective Order (Docket #31) filed by IQ Data on July 15, 2024 with the court. Thus, IQ Data failed to make an evidentiary showing and failed to offer any specifics about the alleged vagueness and violation of confidentiality, therefore Defendants' objection is conclusory.

**INTERROGATORY 8:** Explain in detail your training processes and instructions for your employees and/or contractors who assisted with any investigations of the alleged debt, including whether written or verbal trainings and instructions and the length of time and frequency of such trainings and instructions.

**IQ DATA'S RESPONSE: IQ Data objects to this Interrogatory as overbroad and on the basis that its lack of temporal specificity renders it impermissibly vague. IQ Data further objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, nor is this Interrogatory proportional to the needs of the case. IQ Data also objects to this Interrogatory to the extent it seeks information that is confidential and/or proprietary, or otherwise constitutes a trade secret.**

IQ Data's response to Interrogatory 8 is deficient because Plaintiff's request is not overly broad nor vague since the request is limited to information related IQ Data's training processes and instructions for its employees and/or contractors solely related to the alleged debt. Plaintiff's request is also relevant and reasonably calculated to lead to the discovery of admissible evidence. Moreover, upon IQ Data's request, Plaintiff, along with IQ Data and Equifax Information Services LLC ("Equifax"), entered the Confidentiality Agreement and Stipulated Protective Order (Docket #31) filed by IQ Data on July 15, 2024 with the court. Thus, IQ Data failed to make an evidentiary showing and failed to offer any specifics about the alleged

vagueness and violation of confidentiality, therefore Defendants' objection is conclusory.

**INTERROGATORY 9:** Explain in detail how you handled each collection attempt of the alleged debt, specifying whether you outsourced the collection attempt (including the names and locations of the parties outsourced to), the date of each collection attempt, and the names, titles, and roles of all persons involved in each collection attempt.

**IQ DATA'S RESPONSE: IQ Data objects to this Interrogatory as overbroad and on the basis that its lack of temporal specificity renders it impermissibly vague. IQ Data further objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense as Plaintiff's Complaint does not allege or reference any specific collection attempt(s) in connection with her FDCPA and/or FCRA claims against IQ Data. IQ Data also objects to this Interrogatory to the extent it seeks information that is confidential and/or proprietary, or otherwise constitutes a trade secret. Subject to and without waiving said objections, IQ Data responds that it does not outsource its collection activities. Please also see non-privileged, responsive documents produced herewith pursuant to Rule 33(d)(1).**

IQ Data's response to Interrogatory 9 is deficient because Plaintiff's request is not overly broad nor vague since the request is limited to information related IQ Data's collection attempts of the alleged debt. Plaintiff's request is also relevant and reasonably calculated to lead to the discovery of admissible evidence. Moreover, upon IQ Data's request, Plaintiff, along with IQ Data and Equifax Information Services LLC ("Equifax"), entered the Confidentiality Agreement and Stipulated Protective Order (Docket #31) filed by IQ Data on July 15, 2024 with the court. Thus, IQ Data failed to make an evidentiary showing and failed to offer any specifics about the alleged vagueness and violation of confidentiality, therefore Defendants' objection is conclusory. Last, Rule 33(d)(1) states "the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]" IQ Data failed to specify the records in sufficient detail so that Plaintiff can locate and identify them.

**INTERROGATORY 10:** Explain in detail how you handled each investigation of the alleged debt, specifying whether you outsourced the investigation (including the names and locations of the parties outsourced to), the date of each investigation, the length of time spent on each investigation, and the names, titles, and roles of all persons involved in each investigation.

4

>**IQ DATA'S RESPONSE:** IQ Data objects to this Interrogatory as overbroad and on the basis that its lack of temporal specificity renders it impermissibly vague and ambiguous. IQ Data further objects to this Interrogatory on the basis that it seeks information that is not proportional to the needs of the case as Plaintiff has admitted that there are/were no factual inaccuracies between the information that Firestone at West 7th Apartment Homes ("Firestone" or "Original Creditor") provided to IQ Data and the information which was furnished by IQ Data to the CRAs. IQ Data also objects that this Interrogatory is improper because Plaintiff's assertion that she does not owe the subject debt because the debt is invalid is a legal dispute that furnishers, such as IQ Data, are neither qualified nor obligated to resolve as a reasonable investigation does not require furnishers to determine the legal validity of the underlying debt. See Onosode v. Equifax Info. Servs., No. 4:20-CV-00951-SDJ-CAN, 2023 U.S. Dist. LEXIS 61251 (E.D. Tex. Mar. 29, 2023). IQ Data further objects that this Interrogatory improperly calls for IQ Data to marshal all of its available evidence.
>
>Subject to and without waiving said objections, the subject account was assigned to IQ Data on or about May 26, 2023, to collect a principal balance of $3,210.76 owed by Plaintiff to Firestone. On April 8, 2024, IQ Data processed a CRA dispute from Experian and marked the account as disputed on that date. On April 9, 2024, IQ Data processed identical CRA disputes from Experian and Equifax. On or around April 8-9, 2024, IQ Data investigated Plaintiff's CRA disputes and confirmed that the subject account was being accurately reported based on the account information provided by the Original Creditor. IQ Data relied, and was entitled to rely, on the accuracy of the information provided to it by the Original Creditor until and unless contrary information was received, developed, or discovered. On May 14, 2024, IQ Data sent a letter and documents to Plaintiff which included support for and validation of the subject debt. Please also see non-privileged, responsive documents produced herewith pursuant to Rule 33(d)(1). Investigation continues.

IQ Data's response to Interrogatory 10 is deficient because Plaintiff's request is not overly broad, vague, nor ambiguous since the request is limited to information related IQ Data's investigations of the alleged debt. IQ Data fails to sufficiently explain how its investigations were handled, including failing to state the length of time spent on each investigation and the names, titles, and roles of all persons

5

involved in each investigation. Plaintiff's request is also relevant and reasonably calculated to lead to the discovery of admissible evidence. Thus, IQ Data failed to make an evidentiary showing and failed to offer any specifics about the alleged vagueness, therefore Defendants' objection is conclusory. Last, Rule 33(d)(1) states "the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]" IQ Data failed to specify the records in sufficient detail so that Plaintiff can locate and identify them.

> **INTERROGATORY 11:** Explain in detail how each person who participated in investigating the alleged debt reported the results of each investigation, including the dates results were reported and the names, titles, and roles of all persons who reported the results.
>
> **IQ DATA'S RESPONSE:** **IQ Data objects to this Interrogatory as overbroad and on the basis that its lack of temporal specificity renders it impermissibly vague and ambiguous. IQ Data further objects to this Interrogatory on the basis that it seeks information that is not proportional to the needs of the case as Plaintiff has admitted that there are/were no factual inaccuracies between the information that Firestone provided to IQ Data and the information which was furnished by IQ Data to the CRAs. IQ Data also objects that this Interrogatory is improper because Plaintiff's assertion that she does not owe the subject debt because the debt is invalid is a legal dispute that furnishers, such as IQ Data, are neither qualified nor obligated to resolve as a reasonable investigation does not require furnishers to determine the legal validity of the underlying debt. See Onosode, 2023 U.S. Dist. LEXIS 61251. IQ Data further objects that this Interrogatory improperly calls for IQ Data to marshal all of its available evidence.**
>
> **Subject to and without waiving said objections, the subject account was assigned to IQ Data on or about May 26, 2023, to collect a principal balance of $3,210.76 owed by Plaintiff to Firestone. On April 8, 2024, IQ Data processed a CRA dispute from Experian and marked the account as disputed on that date. On April 9, 2024, IQ Data processed identical CRA disputes from Experian and Equifax. On or around April 8-9, 2024, IQ Data investigated Plaintiff's CRA disputes and confirmed that the subject account was being accurately reported based on the account information provided by the Original Creditor. IQ Data relied, and was entitled to rely, on the accuracy of the information provided to it by the Original Creditor until and unless contrary information was received, developed, or**

> discovered. On May 14, 2024, IQ Data sent a letter and documents to Plaintiff which included support for and validation of the subject debt. Please also see non-privileged, responsive documents produced herewith pursuant to Rule 33(d)(1). Investigation continues.

IQ Data's response to Interrogatory 11 is deficient because Rule 33(d)(1) states "the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]" IQ Data failed to specify the records in sufficient detail so that Plaintiff can locate and identify them.

> **INTERROGATORY 12:** Explain in detail how you verified the alleged debt before you reported it to a CRA, specifying dates, the length of time spent verifying information, and the names, titles, and roles of all individual persons involved in verifying information.

> **IQ DATA'S RESPONSE:** IQ Data objects to this Interrogatory as overbroad and on the basis that its lack of temporal specificity renders it impermissibly vague and ambiguous. IQ Data further objects to this Interrogatory on the basis that it seeks information that is not proportional to the needs of the case as Plaintiff admitted that there are/were no factual inaccuracies between the information that Firestone provided to IQ Data and the information which was furnished by IQ Data to the CRAs. IQ Data also objects to this Interrogatory as it seeks information that is not relevant to any parties' claims or defenses as the FDCPA and FCRA do not require third party debt collectors/furnishers to verify the debt prior to receiving a consumer dispute. Subject to and without waiving said objections, the subject account was assigned to IQ Data on or about May 26, 2023, to collect a principal balance of $3,210.76 owed by Plaintiff to Firestone. As required by law, IQ Data mailed its initial notice to Plaintiff on May 29, 2023, and received no mail return or response. Please also see non-privileged, responsive documents produced herewith pursuant to Rule 33(d)(1).

IQ Data's response to Interrogatory 12 is deficient because Plaintiff's request is not overly broad, vague, nor ambiguous since the request is limited to information related to how IQ Data verified the alleged debt before reporting it to a CRA. Plaintiff's request is also relevant and reasonably calculated to lead to the discovery of admissible evidence. Thus, IQ Data failed to make an evidentiary showing and failed to offer any specifics about the alleged vagueness and ambiguity, therefore Defendants' objection is conclusory. Last, Rule 33(d)(1) states "the responding party

7

may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]" IQ Data failed to specify the records in sufficient detail so that Plaintiff can locate and identify them.

> **INTERROGATORY 21:** Identify and describe the factual basis for your affirmative defense that "the causes of action alleged in Plaintiff's Complaint are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, limitations, unclean hands, and other equitable doctrines."
>
> **IQ DATA'S RESPONSE: IQ Data objects that this request is premature as discovery is ongoing. IQ Data also objects that this Interrogatory improperly calls for IQ Data to marshal all of its available evidence. If required by applicable rules, IQ Data will supplement this response as discovery progresses.**

IQ Data's response to Interrogatory 21 is deficient because Plaintiff's request is not premature. Whether all "causes of action alleged in Plaintiff's Complaint are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, limitations, unclean hands, and other equitable doctrines" was not premature at the start of this lawsuit and is not premature now. Plaintiff's request is also relevant and reasonably calculated to lead to the discovery of admissible evidence. Thus, IQ Data failed to make an evidentiary showing and failed to offer any specifics about the alleged prematurity, therefore Defendants' objection is conclusory.

> **INTERROGATORY 22:** Identify and describe the factual basis for your affirmative defense that "Plaintiff's damages, if any, are a result of her failure to take reasonable steps to mitigate her alleged damages."
>
> **IQ DATA'S RESPONSE: IQ Data objects that this request is premature as discovery is ongoing and Plaintiff has not yet provided any evidence establishing that she sustained any damages or concrete injuries that were caused by or traceable to IQ Data's alleged conduct sufficient to establish Article III standing. If required by applicable rules, IQ Data will supplement this response as discovery progresses.**

IQ Data's response to Interrogatory 22 is deficient because Plaintiff's request is not premature. Whether "Plaintiff's damages, if any, are a result of her failure to take reasonable steps to mitigate her alleged damages" is not premature. Plaintiff's request is also relevant and reasonably calculated to lead to the discovery of admissible evidence. On August 30, 2024, Plaintiff provided evidence supporting her damages in her responses to IQ Data's discovery requests. Thus, IQ Data failed to

make an evidentiary showing and failed to offer any specifics about the alleged prematurity, therefore Defendants' objection is conclusory.

FIRST REQUEST FOR PRODUCTION:

> **REQUEST 6:** All documents concerning any release, settlement, or other agreement pertaining to the limiting, reducing, or releasing in any manner of your liability for damages arising out of the occurrence which is the subject matter of this lawsuit. This request includes all agreements by one party or person to indemnify another party or persons for claims asserted in this lawsuit.
>
> **IQ DATA'S RESPONSE: IQ Data objects to this request as it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. IQ Data further objects to this request on the basis that its lack of temporal specificity renders it impermissibly vague, and on the additional basis that its vague nature renders it ambiguous and overbroad. IQ Data also objects to this request to the extent it seeks information that is confidential and/or proprietary.**

IQ Data's response to Request 6 is deficient because Plaintiff's request is relevant and reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's request is not overly broad, vague, nor ambiguous since the request is limited to documents solely concerning IQ Data's liability for damages arising out of the occurrence which is the subject matter of this lawsuit. Moreover, upon IQ Data's request, Plaintiff, along with IQ Data and Equifax Information Services LLC ("Equifax"), entered the Confidentiality Agreement and Stipulated Protective Order (Docket #31) filed by IQ Data on July 15, 2024 with the court. Thus, IQ Data failed to make an evidentiary showing and failed to offer any specifics about the alleged vagueness, ambiguity, and violation of confidentiality, therefore Defendants' objection is conclusory.

> **REQUEST 8:** All documents sent, received, or prepared by you in the course of conducting any investigation regarding Plaintiff's dispute(s) of the alleged debt, including but not limited to any CDVs, ACDVs, AUDs, UDFs, responses, universal data forms, emails, notes, screens, logs, internal memoranda, correspondence or supporting documentation.
>
> **IQ DATA'S RESPONSE: IQ Data objects to this request as overbroad, indefinite to time, and without reasonable limitation in its scope because Plaintiff's claims are statutorily limited to alleged acts within one year from any alleged Fair Debt Collection Practices Act violation and two years from any alleged Fair Credit Reporting Act violation. IQ Data further**

9

**objects to this request on the basis that it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. IQ Data also objects to this request as it fails to specify the items to be produced or inspected with reasonable particularity. IQ Data further objects to this request to the extent it seeks information that is confidential and/or proprietary. Subject to and without waiving said objections, non-privileged, responsive documents are produced.**

IQ Data's response to Request 8 is deficient because Plaintiff's request is relevant and reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's request is not overly broad since the request is limited to a specified timeframe of when IQ Data conducted its investigations, which could have only been between March 18, 2023 and March 16, 2024. This timeframe is less than 12 months. Moreover, upon IQ Data's request, Plaintiff, along with IQ Data and Equifax Information Services LLC ("Equifax"), entered the Confidentiality Agreement and Stipulated Protective Order (Docket #31) filed by IQ Data on July 15, 2024 with the court. Thus, IQ Data failed to make an evidentiary showing and failed to offer any specifics about the alleged over broadness and violation of confidentiality, therefore Defendants' objection is conclusory.

**REQUEST 9:** A list of your employees, agents, or known third-parties (including their full legal names, job titles, job descriptions, and work addresses) engaged in any collection and investigation of the alleged debt.

**IQ DATA'S RESPONSE: IQ Data objects to this request as overbroad, indefinite to time, and without reasonable limitation in its scope because Plaintiff's claims are statutorily limited to alleged acts within one year from any alleged Fair Debt Collection Practices Act violation and two years from any alleged Fair Credit Reporting Act violation. IQ Data further objects to this request on the basis that it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Subject to and without waiving said objections, non-privileged, responsive documents are produced.**

IQ Data's response to Request 9 is deficient because Plaintiff's request is relevant and reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's request is not overly broad since the request is limited to a specified timeframe of IQ Data engaging in any collection and investigation of the alleged debt, which could have only been between March 18, 2023 and March 16, 2024. This timeframe is less than 12 months. Moreover, upon IQ Data's request, Plaintiff, along

with IQ Data and Equifax Information Services LLC ("Equifax"), entered the Confidentiality Agreement and Stipulated Protective Order (Docket #31) filed by IQ Data on July 15, 2024 with the court. Thus, IQ Data failed to make an evidentiary showing and failed to offer any specifics about the alleged over broadness, therefore Defendants' objection is conclusory.

> **REQUEST 11:** All information and/or documents (including employment history, disciplinary history, and training records) regarding each of your employees and/or agents, who were responsible for overseeing the account related to the alleged debt.
>
> **IQ DATA'S RESPONSE: IQ Data objects to this request on the basis that it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. IQ Data further objects to this request on the basis that its lack of temporal specificity renders it impermissibly vague, and on the additional basis that its vague nature renders it ambiguous and overbroad. IQ Data also objects to this request as indefinite in time and without reasonable limitation in its scope because Plaintiff's claims are statutorily limited to alleged acts within one year from any alleged Fair Debt Collection Practices Act violation and two years from any alleged Fair Credit Reporting Act violation.**

IQ Data's response to Request 11 is deficient because Plaintiff's request is relevant and reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's request is not overly broad since the request is limited to a specified timeframe of IQ Data engaging in any collection and investigation of the alleged debt, which could have only been between March 18, 2023 and March 16, 2024. This timeframe is less than 12 months. Moreover, upon IQ Data's request, Plaintiff, along with IQ Data and Equifax Information Services LLC ("Equifax"), entered the Confidentiality Agreement and Stipulated Protective Order (Docket #31) filed by IQ Data on July 15, 2024 with the court. Thus, IQ Data failed to make an evidentiary showing and failed to offer any specifics about the alleged vagueness, ambiguity, and over broadness, therefore Defendants' objection is conclusory.

> **REQUEST 12:** All documents (including manuals, guides, policies, trainings, materials, and correspondence) which relate to, describe, or summarize your policies, practices, and procedures for ensuring compliance with 15 U.S.C. §1681, et. seq. and 15 U.S.C. 1692, et. seq.
>
> **IQ DATA'S RESPONSE: IQ Data objects to this request on the basis that it is overbroad and that it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. IQ Data further objects to**

11

> this request to the extent it seeks information that is confidential and/or proprietary. Subject to and without waiving said objections, IQ Data will supplement this response, as necessary, with the portions of its policies and procedures that are applicable to any of its affirmative defenses.

IQ Data's response to Request 12 is deficient because Plaintiff's request is relevant and reasonably calculated to lead to the discovery of admissible evidence. The requested documents should be in IQ Data's possession. Plaintiff's request is not overly broad since the request is limited to the specified relevant statutes, 15 U.S.C. §1681, et. seq. and 15 U.S.C. 1692, et. seq. Moreover, upon IQ Data's request, Plaintiff, along with IQ Data and Equifax Information Services LLC ("Equifax"), entered the Confidentiality Agreement and Stipulated Protective Order (Docket #31) filed by IQ Data on July 15, 2024 with the court. Thus, IQ Data failed to make an evidentiary showing and failed to offer any specifics about the alleged over broadness and violation of confidentiality, therefore Defendants' objection is conclusory.

> **REQUEST 13:** All documents (including manuals, guides, policies, trainings, materials, and correspondence) which relate to, describe, or summarize your policies, practices, and procedures for handling consumer disputes.
>
> **IQ DATA'S RESPONSE: IQ Data objects to this request on the basis that it is overbroad and that it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks information that is confidential and/or proprietary. Subject to and without waiving said objections, IQ Data will supplement this response, as necessary, with the portions of its policies and procedures that are applicable to any of its affirmative defenses.**

IQ Data's response to Request 13 is deficient because Plaintiff's request is relevant and reasonably calculated to lead to the discovery of admissible evidence. The requested documents should be in IQ Data's possession. Plaintiff's request is not overly broad since the request is limited to documents solely related to IQ Data handling consumer disputes. Moreover, upon IQ Data's request, Plaintiff, along with IQ Data and Equifax Information Services LLC ("Equifax"), entered the Confidentiality Agreement and Stipulated Protective Order (Docket #31) filed by IQ Data on July 15, 2024 with the court. Thus, IQ Data failed to make an evidentiary showing and failed to offer any specifics about the alleged over broadness and violation of confidentiality, therefore Defendants' objection is conclusory.

> **REQUEST 14:** All documents (including manuals, guides, policies, trainings, materials, and correspondence) which relate to, describe, or

summarize your policies, practices, and procedures for reporting consumer information and/or credit data.

**IQ DATA'S RESPONSE: IQ Data objects to this request on the basis that it is overbroad and that it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks information that is confidential and/or proprietary. Subject to and without waiving said objections, IQ Data will supplement this response, as necessary, with the portions of its policies and procedures that are applicable to any of its affirmative defenses.**

IQ Data's response to Request 14 is deficient because Plaintiff's request is relevant and reasonably calculated to lead to the discovery of admissible evidence. The requested documents should be in IQ Data's possession. Plaintiff's request is not overly broad since the request is limited to documents solely related to IQ Data reporting consumer information and/or credit data. Moreover, upon IQ Data's request, Plaintiff, along with IQ Data and Equifax Information Services LLC ("Equifax"), entered the Confidentiality Agreement and Stipulated Protective Order (Docket #31) filed by IQ Data on July 15, 2024 with the court. Thus, IQ Data failed to make an evidentiary showing and failed to offer any specifics about the alleged over broadness and violation of confidentiality, therefore Defendants' objection is conclusory.

**REQUEST 15:** All documents (including manuals, guides, policies, trainings, materials, and correspondence) which relate to, describe, or summarize your policies, practices, and procedures for correcting, updating, modifying and/or deleting disputed consumer information.

**IQ DATA'S RESPONSE: IQ Data objects to this request on the basis that it is overbroad and that it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks information that is confidential and/or proprietary. Subject to and without waiving said objections, IQ Data will supplement this response, as necessary, with the portions of its policies and procedures that are applicable to any of its affirmative defenses.**

IQ Data's response to Request 15 is deficient because Plaintiff's request is relevant and reasonably calculated to lead to the discovery of admissible evidence. The requested documents should be in IQ Data's possession. Plaintiff's request is not overly broad since the request is limited to documents solely related to IQ Data correcting, updating, modifying and/or deleting disputed consumer information.

Moreover, upon IQ Data's request, Plaintiff, along with IQ Data and Equifax Information Services LLC ("Equifax"), entered the Confidentiality Agreement and Stipulated Protective Order (Docket #31) filed by IQ Data on July 15, 2024 with the court. Thus, IQ Data failed to make an evidentiary showing and failed to offer any specifics about the alleged over broadness and violation of confidentiality, therefore Defendants' objection is conclusory.

> **REQUEST 16:** A copy of your current license authorizing the collection of consumer debts and the application in connection therewith.
>
> **IQ DATA'S RESPONSE: IQ Data objects to this request on the basis that it seeks information that is not relevant to any party's claims or defenses and is not proportional to the need of the case.**

IQ Data's response to Request 16 is deficient because Plaintiff's request is relevant and reasonably calculated to lead to the discovery of admissible evidence. The requested documents should be in IQ Data's possession. Thus, IQ Data failed to make an evidentiary showing and failed to offer any specifics about the alleged irrelevance, therefore Defendants' objection is conclusory.

> **REQUEST 20:** All documents (including recordings, photographs, correspondence, notes, memoranda, and journal entries) which relate to, describe, or summarize any communication between you and Firestone pertaining to the alleged debt.
>
> **IQ DATA'S RESPONSE: IQ Data objects to this request as overbroad, indefinite to time, and without reasonable limitation in its scope because Plaintiff's claims are statutorily limited to alleged acts within one year from any alleged Fair Debt Collection Practices Act violation and two years from any alleged Fair Credit Reporting Act violation. IQ Data further objects to this request on the basis that it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. IQ Data also objects to this request as it fails to specify the recipient(s) of any such communications, and to the extent it seeks information that is protected by attorney-client privilege and/or the attorney work-product doctrine. Investigation continues.**

IQ Data's response to Request 20 is deficient because Plaintiff's request is relevant and reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's request is not overly broad since the request is limited to timeframes between: (1) March 18, 2023 and March 16, 2024, when Plaintiff moved out of Firestone's apartments and the filing of this lawsuit, and (2) March 17, 2024 and the

14

present day. March 18, 2023 through March 16, 2024 is less than 12 months, which is within all relevant statute of limitations pertaining to this lawsuit. Thus, IQ Data failed to make an evidentiary showing and failed to offer any specifics about the alleged broadness, irrelevance, and violation of confidentiality, therefore Defendants' objection is conclusory.

Pursuant to the Federal Rule of Civil Procedure 33(b)(3), each of IQ Data's answers to each of Plaintiff's Interrogatories must answered separately and fully in writing under oath. IQ Data did not answer any Interrogatory under oath.

This is Plaintiff's good faith attempt to resolve this issue without involving the court. Please provide IQ Data's responses no later than October 2, 2024, otherwise Plaintiff will be forced to seek court intervention. If you have any questions, do not hesitate to contact our firm. We remain open to resolving any issues related to discovery.

Sincerely,

*/s/ Shakeria Northcross*
Shakeria Northcross